IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESTER E. PATRICK, | ) | CIV NO. S-03-2571 GEB JFM PS |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| ANTHONY J. PRINCIPI, Secretary of Department of Veteran Affairs, | ) | |
| Defendant. | ) | |

       On May 2, 2005, Defendant filed an objection to the Final Pretrial Order ("FPO"), arguing that the back pay issue should be decided by the Judge.  Defendant's objection also adds a witness and exhibit on the back pay issue.  It is ironic that Defendant's objection concerns the back pay issue because in the Joint Pretrial Statement ("JPS") filed April 15, 2005, the parties simply stated in the section of the JPS concerning "JURY/NON JURY" that "Plaintiff demanded a jury."  (JPS at 2.)  Clearly, in that section Defendant should have stated his position that the back pay issue

should be tried to a Judge.[1]  Since Defendant opines that the back

pay issue is to be tried to the Judge, each party is required to

file proposed findings and conclusions on the issue no later than

May 26, 2005.  Because of this change, Bonnie Schaefer is added to

Defendant's witness list and Defendant's exhibit list is amended to

add Exhibit N, Back Pay Calculations Summary.

Further, on May 6, 2005, Plaintiff filed a document

titled "Motion for Change of Meeting Trial Date."  Plaintiff argues

in this "motion" that he just learned on May 4, 2005, that a FPO

issued and that he was not able to read the FPO until May 5, 2005.

The docket sheet reveals that Plaintiff was not served with the FPO

until May 5, 2005.[2]  Plaintiff argues that this late service

interfered with his ability to take advantage of the objection

period prescribed in the FPO.

Because of the late service, Plaintiff requests a

continuance of the trial date or rescheduling of certain dates in

the FPO.  Plaintiff's request to continue the trial commencement

date is denied; Plaintiff's latter request will be granted.

---

[1]    The parties discussed the back pay issue in the JPS at
page 9 as follows:  Plaintiff stated he would like it addressed
during the course of the trial and Defendant said it should be held
in abeyance pending the outcome of the trial on the liability
issue.  Yet the parties stated "not applicable" under the "Separate
Trial" provision of their JPS; however, it seems apparent that
Defendant desires a phased trial, with the first phase tried to a
jury on the liability issue, and the second phase tried to a Judge
on the back pay issue, should Plaintiff prevail on the liability
issue.

[2]    This late service was due to confusion about who in the
courthouse was to effect service on Plaintiff, who is proceeding in
propria persona.

Therefore, in addition to the change in the FPO stated above, the FPO is changed as follows:

### VI.  POINTS OF LAW

Trial briefs are due no later than May 26, 2005.  (This amends line 14 on page 3 of the FPO.)

### VIII.  EXHIBITS

The parties need not exchange exhibits until May 26, 2005.  (This amends line 13 on page 6 of the FPO.)

### IX.  FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS

This section of the FPO is stricken.

### XIII.  JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

Sections A, B, C, and D on pages 9, 10, and 11 are stricken.  Each party shall file proposed general and special jury instructions on or before May 26, 2005.[3]  The times prescribed in Section E on page 11, at lines 16 and 19, are changed to May 26, 2005.  The last sentence in Section E is stricken.  The time period in Section F on page 11, at lines 26 and 27, is changed to May 26, 2005.

IT IS SO ORDERED.

Dated:  May 10, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[3]   A copy of the general jury instructions and voir dire referenced in the FPO is attached.

Preliminary Instruction No. 1

Duty of Jury

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Preliminary Instruction No. 2


Burden of Proof


When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Preliminary Instruction No. 3

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Preliminary Instruction No. 4

Rulings on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Preliminary Instruction No. 5


Evidence for Limited Purpose


Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Preliminary Instruction No. 6

Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Preliminary Instruction No. 7


Conduct of the Jury


I am now going to give you jury admonitions that you must remember.  When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that.  You are required to follow these admonitions whether or not I remind you to remember them:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness.  By this I mean not only do not converse about the case,  but do not converse at all, even to pass the time of day.  In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors;

There may be occasions when you come upon one of the attorneys or parties in this case outside the courtroom.  The attorneys and parties are now instructed not to communicate with you.  Therefore, their failure to acknowledge you should not be interpreted as being impolite, but merely following the Court's orders;

Third, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Fourth, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fifth, if you need to communicate with me simply give a signed note to my courtroom deputy clerk, who will give to me; and

Sixth do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Preliminary Instruction No. 8


No Transcript Available to Jury


At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Preliminary Instruction No. 9


Taking Notes


If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Preliminary Instruction No. 10

Side Bar Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction No. 11


During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the court in arriving at your own findings as to the facts.

Preliminary Instruction No. 12


Outline of Trial


The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiff will then present evidence, and counsel for defendant may cross-examine. Then defendant may present evidence, and counsel for plaintiff may cross-examine.

After the evidence has been presented,  the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case.  Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return. Unless otherwise stated, the instructions apply to each party.

INSTRUCTION NO. 2

Although there is more than one defendant in this action, it does not follow that if one is liable, all are liable.  Each defendant is entitled to a fair consideration of that defendant's own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against another.  Unless otherwise stated, all instructions given apply to the case against each defendant.

INSTRUCTION NO. 3

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 4

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 9

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 10

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case.  Such charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 11

Certain charts and summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses.  The charts and summaries are only as good as the underlying evidence that supports them.  You should therefore give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 12

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

There is always a tendency to attach undue importance to matters which one has written down.   Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, may not be accurate, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

INSTRUCTION NO. 13

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.

INSTRUCTION NO. 14

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

27

INSTRUCTION NO. 15

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

INSTRUCTION NO. 16

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | CIVIL NO. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | <u>COURT'S GENERAL VOIR DIRE</u> |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Good morning, and welcome to the United States District Court.  Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin.  You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me.  My Courtroom Deputy is Shani Furstenau.  She's on the platform below me on my left side.  Next to her is my Certified Court Reporter, Kimberly Watkins.

We are about to begin what is known as voir dire.  The purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so we can ascertain which of you can fairly sit as a juror in this particular case.  Voir dire consists of questions designed to tell the parties some general things about each prospective juror,  and to provide

1

the parties with information about whether a prospective juror should be a juror in this case.  It allows the parties to exercise more intelligently their peremptory challenges and enables the Court to determine whether or not any prospective juror should be excused for cause.  Challenges for cause permit rejection of prospective jurors for a legally cognizable basis of partiality. Each side is given certain peremptory challenges.  The parties will exercise their peremptory challenges after the questioning is complete.

    1.    Ms. Furstenau, please administer the oath to the panel.

    2.    Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which they were randomly selected and each juror has been placed in his or her randomly-selected seat.

    3.    I will ask a series of questions as a group.  If you have a response, please raise your hand or the number you've been given, which reflects your seat number.  Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the lowest seat numbered juror responding first.  The juror in the lowest seat number is in the top row of the jury box on the right-hand side of the box, viewing the jury box from the perspective of a person addressing jurors from the podium.  The 8th juror is in the same row on the left-hand side of that row. The 9th juror is in the right-hand seat in the bottom row.  Juror 16 is on the right in the chairs in front of the

jury box, juror 17 is in the middle, and juror 18 is on the left. If no juror raises his or her hand, I will simply state "no response" for the record and then immediately ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your name.  That should expedite the process.

2.   This case is expected to take ___ days for the presentation of evidence.  Since we will only be in trial 3 days a week, the parties don't contemplate presenting the evidence to you until some time on _____, after which they will give you closing arguments, I will give you closing jury instructions, and then you will begin your deliberations.  I handle criminal matters on Fridays and other civil matters on Mondays, that is why we are not in trial those days.  On the days we are in trial, we will begin at 9:00 a.m. and usually end around 4:30 p.m. but we could continue later than 4:30 p.m. But as soon as you commence jury deliberations, you will be expected to deliberate daily during those hours as necessary, including Mondays and Fridays, but not on the weekends, until you complete your deliberations.  Will any of you find it difficult or impossible to participate in this trial for this period of time?

3.   Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for that person to serve as a member of this jury?

4.   Would the plaintiff introduce himself, and indicate any witness that plaintiff may choose to call.

5.   Defendant's counsel now has the opportunity to do the same thing.

Do you know any of the named individuals or any of the potential witnesses; or ever had any business or other dealings with any person just named?

6.   Briefly describe case with a <u>Neutral Statement of the Case or opening statements.</u>

7.   Is there anything about the allegations in this lawsuit that causes any potential juror to prefer not being a juror in this type of case?

8.   Did any of you have any knowledge of the allegations involved in this lawsuit before I related them to you?  If so, what is the source of that information?

9.   Do you have any belief or feeling which you suspect could interfere with your ability to be a fair and impartial juror on this case?

10.  Have you ever served as a juror in a criminal or a civil case, either in federal or state court?

i.  Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

11.  Have you, any family member, or a close relative ever been involved in civil litigation either as a plaintiff or a defendant?

12.  Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not

comfortable judging a witness' credibility and making this kind of decision?

13.  Plaintiff will present [his or] her case first.  Only after the plaintiff has presented [his or] her case will defendant[s] have an opportunity to present their side of the case. Please raise your hand if you can not agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

14.  It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law.  To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be.  Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

15.  Is there any reason why you could not be fair to both sides in this case?

16.  My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

       (a)  Name

       (b)  Age

       (c)  Educational background

```
          (d)   Your marital status

          (e)   Present and former occupations for you and your

                spouse and/or the most significant person in your

                life (including military service)

          (f)   Part of the state in which you live

          (g)   Ages and occupations of children

    17.   The parties may conduct the follow-up voir dire.
```