IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER E. PATRICK,   )<br>                     )<br>         Plaintiff,  )<br>                     )<br>       v.            )<br>                     )<br>ANTHONY J. PRINCIPI, )<br>Secretary of Department of  )<br>Veteran Affairs,     )<br>                     )<br>         Defendant.  )<br>_____) | CIV NO. S-03-2571 GEB JFM PS<br><br>RULING ON IN LIMINE MOTIONS |

On May 17, 2005, Defendant filed a motion in limine.[1] Plaintiff filed a response to the motion on May 24, 2005.

---

[1] The Final Pretrial Order required that

> Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than 4:30 p.m. on May 17, 2005. An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than 4:30 p.m. on May 24, 2005. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis.*

(Final Pretrial Order filed April 21, 2005, at 2.)

1

1   Defendant's first in limine motion seeks to prevent
2 Plaintiff from referencing an Equal Employment Opportunity
3 Commission ("EEOC") Administrative Judge's ("AJ") finding of
4 retaliation concerning a position for which Plaintiff applied
5 ("Second Case") some time after he did not get the position about
6 which he sues in the instant case.  Defendant argues that the AJ's
7 retaliation finding made in the Second Case involves entirely
8 different management officials, and should be excluded under Rule
9 403 of the Federal Rules of Evidence because its probative value is
10 substantially outweighed by its unfair prejudicial effect.[2]
11   Plaintiff rejoins that the management officials involved
12 with this federal lawsuit also testified in the second case, and
13 therefore, the AJ's retaliation finding in the second case may be
14 admissible under Rule 404(b).  But before

> "other act" evidence is admissible under Rule
> 404(b) . . . the following test [has to be]
> satisfied:  (1) there must be sufficient proof
> for the jury to find committed the other act;
> (2) the other act must not be too remote in
> time; (3) the other act must be introduced to
> prove a material issue in the case;  and (4)
> the other act must, in some cases, be similar
> to the offense charged.  Even if all four
> conditions are met, the evidence may still be
> excluded if under Rule 403, the probative value
> of the evidence is substantially outweighed by
> the danger of unfair prejudice.

Duran v. City of Maywood, 221 F.3d 1127, 1132-33 (9th Cir. 2000)
(internal citations omitted).

---

[2] All references to Rules are to the Federal Rules of Evidence.

2

1         Here, Plaintiff has not provided sufficient proof that
2   any management official said or did anything that underlies the
3   AJ's retaliation finding in the second case.  Therefore,
4   Defendant's motion on this issue is granted.
5         The record on Defendant's second and third motions is
6   insufficient for in limine rulings, therefore, those motions are
7   denied.
8         Defendant's fourth motion seeks to prevent testimony
9   about what he characterizes as a phantom internet job announcement.
10  Defendant asserts that "Plaintiff has made much of this 'third
11  announcement'; but it is nothing but a red herring . . . .  By
12  Plaintiff's own account, the third version of the announcement did
13  not appear until long after the selection; it is undisputed that it
14  was not actually used on the selection process."  (Mot. at 7-8.)
15        Plaintiff's counter-argument fails to show that the
16  probative value of the "third announcement" evidence substantially
17  outweighs Rule 403 considerations.  Therefore, the motion is
18  granted.
19        The record on Defendant's remaining motions is
20  insufficient for in limine rulings, therefore those motions are
21  denied.
22        IT IS SO ORDERED.
23  Dated:  May 26, 2005

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge

3