IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESTER PATRICK, | ) | CIV NO. S-03-2571 GEB |
| Plaintiff, | ) | |
| | ) | PROPOSED TRIAL DOCUMENTS |
| v. | ) | |
| | ) | |
| ANTHONY J. PRINCIPI, Secretary | ) | |
| of Department of Veteran Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The attached draft voir dire questions, preliminary jury instructions, closing jury instructions, and verdict form are provided to the parties for their consideration.  Any proposed modifications should be submitted as soon as practicable.

DATED:  June 1, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESTER PATRICK, | ) | |
| | ) | CIVIL NO. S-03-2571 GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>COURT'S GENERAL VOIR DIRE</u> |
| | ) | |
| ANTHONY J. PRINCIPI, Secretary | ) | |
| of Department of Veteran | ) | |
| Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        Good morning, and welcome to the United States District
Court.  Thank you for both your presence and your anticipated
cooperation in the questioning process we are about to begin.  You
are performing an important function in our legal system.

        The court personnel who will assist me in this trial are on
the platform below me.  My Courtroom Deputy is Shani Furstenau.
She's on the platform below me on my left side.  Next to her is my
Certified Court Reporter, Kimberly Watkins.

1

We are about to begin what is known as voir dire.  The purpose of voir dire is to have each of you disclose any feelings, bias, and prejudice against or in favor of any party, so we can ascertain which of you can fairly sit as a juror in this particular case.  Voir dire consists of questions designed to tell the parties some general things about each prospective juror,  and to provide the parties with information about whether a prospective juror should be a juror in this case.  It allows the parties to exercise more intelligently their peremptory challenges and enables the Court to determine whether or not any prospective juror should be excused for cause.  Challenges for cause permit rejection of prospective jurors for a legally cognizable basis of partiality. Each side is given certain peremptory challenges.  The parties will exercise their peremptory challenges after the questioning is complete.

1.   Ms. Furstenau, please administer the oath to the panel.

2.   The Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been provided to each party in the numerical sequence in which they were randomly selected and each juror has been placed in his or her randomly-selected seat.

3.   I will ask a series of questions as a group.  If you have a response, please raise your hand or the number you've been given, which reflects your seat number.  Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the lowest seat numbered juror

responding first.  The juror in the lowest seat number is in the top row of the jury box on the right-hand side of the box, viewing the jury box from the perspective of a person addressing jurors from the podium.  The 8th juror is in the same row on the left-hand side of that row. The 9th juror is in the right-hand seat in the bottom row.  Juror 16 is on the right in the chairs in front of the jury box, juror 17 is in the middle, and juror 18 is on the left. If no juror raises his or her hand, I will simply state "no response" for the record and then immediately ask the next question.  If you know it is your turn to respond to a question, you may respond before I call your name.  That should expedite the process.

        2.    This case is expected to take 2 or 3 days for the presentation of evidence.  Since we will only be in trial 3 days a week, the trial will most likely end some time next week.  Because I handle criminal matters on Fridays and other civil matters on Mondays, trial will be conducted on Tuesday, Wednesday, and Thursday, as necessary.  Trial will begin at 9:00 a.m. and usually end around 4:30 p.m. but we could continue later than 4:30 p.m. But as soon as you commence jury deliberations, you will be expected to deliberate daily during those hours as necessary, including Mondays and Fridays, but not on the weekends, until you complete your deliberations.  Will any of you find it difficult or impossible to participate in this trial for this period of time?

3.   Is there any member of the panel who has any special disability or problem that would make it difficult or impossible for that person to serve as a member of this jury?

4.   Would Plaintiff introduce himself and indicate any witness he may choose to call.

5.   Defendant's counsel now has the opportunity to do the same thing.

Do you know any of the named individuals or any of the potential witnesses; or ever had any business or other dealings with any person just named?

6.  This case involves a dispute about whether Plaintiff's race cause Defendant to promote an employee other than Plaintiff.

7.   Is there anything about the allegations in this lawsuit that causes any potential juror to prefer not being a juror in this type of case?

8.   Do you have any belief or feeling which you suspect could interfere with your ability to be a fair and impartial juror on this case?

9.   Have you ever served as a juror in a criminal or a civil case, either in federal or state court?

i.  Please state the nature of the case and, without stating the result reached, state whether the jury reached a verdict.

10.  Have you, any family member, or a close relative ever been involved in civil litigation either as a plaintiff or a defendant?

11.   Each of you will have to determine who is telling the truth.  Please raise your hand if you are unwilling or not comfortable judging a witness' credibility and making this kind of decision?

12.   Plaintiff will present his case first.  Only after Plaintiff has presented his case will Defendant have an opportunity to present his side of the case.  Please raise your hand if you can not agree to keep an open mind and make no decisions about the evidence until after all the evidence has been presented by both sides and I have instructed you regarding the law in this case.

13.   It is important that I have your assurance that you will, without reservation, follow my instructions and rulings on the law.  To put it somewhat differently, whether you approve or disapprove of the court's rulings or instructions, it is your solemn duty to accept as correct these statements of the law.  You may not substitute your own idea of what you think the law ought to be.  Please indicate by raising your hand if you will not be able to follow the law as given to you by me in this case.

14.   Is there any reason why you could not be fair to both sides in this case?

15.   My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

    (a)  Name

    (b)  Age

    (c)  Educational background

    (d)  Your marital status

    (e)  Present and former occupations for you and your spouse and/or the most significant person in your life (including military service)

    (f)  Part of the state in which you live

    (g)  Ages and occupations of children

16.  Each side has 10 minutes to conduct follow-up voir dire.

**PRELIMINARY INSTRUCTION 1**


Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

1

**PRELIMINARY INSTRUCTION 2**

The evidence you are to consider in deciding what the facts are consists of:

      (1)  the sworn testimony of any witness;

      (2)  the exhibits which are received into evidence; and

      (3)  any facts to which the parties stipulate.

**PRELIMINARY INSTRUCTION 3**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of Plaintiff when he is not testifying or of Defendant's attorney;

(2)     questions and objections of Plaintiff or Defendant's attorney;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**PRELIMINARY INSTRUCTION 4**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

It is for you to decide how much weight to give to any evidence.

**PRELIMINARY INSTRUCTION 5**

There are rules of evidence that control what can be received into evidence.  There may be an objection to a question asked or an exhibit offered  into evidence.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## PRELIMINARY INSTRUCTION 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence;

(7)     whether the witness has been convicted of a felony; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## PRELIMINARY INSTRUCTION 7

I am now going to give you jury admonitions that you must remember.  When we take recesses I will reference these admonitions by telling you to remember the admonitions or something similar to that.  You are required to follow these admonitions whether or not I remind you to remember them:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse whether in or out of the courtroom, with any of the parties or their attorneys or any witness.  By this I mean not only do not converse about the case,  but do not converse at all, even to pass the time of day.  In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors;

There may be occasions when you come upon one of the attorneys or parties in this case outside the courtroom.  The attorneys and parties are now instructed not to communicate with you.  Therefore, their failure to acknowledge you should not be interpreted as being impolite, but merely following the Court's orders;

Third, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Fourth, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fifth, if you need to communicate with me simply give a signed note to my courtroom deputy clerk, who will give to me; and

Sixth do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

**PRELIMINARY INSTRUCTION 8**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**PRELIMINARY INSTRUCTION 9**

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by the notes.

10

**PRELIMINARY INSTRUCTION 10**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine.  Then the Defendant may present evidence, and the Plaintiff may cross-examine.

After the evidence has been presented, Plaintiff and the attorney for Defendant may make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

The parties have agreed that Plaintiff will read facts that Plaintiff and Defendant stipulate are undisputed.  You should therefore treat those facts as having been proved by the parties.  Plaintiff will now read those facts to you.

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the Plaintiff and the attorney for Defendant, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return. Unless otherwise stated, the instructions apply to each party.

INSTRUCTION NO. 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the parties have agreed or stipulated.

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by Defendant's counsel or Plaintiff while not testifying are not evidence. Defendant's attorney is not a witness. What Plaintiff and Defendant's attorney have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by Plaintiff's or Defendant's attorney are not evidence. Litigants have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 8

As to Plaintiff's first claim that his race was the sole reason for Defendant's decision to not promote him,  Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

First, that Plaintiff was not promoted by Defendant in June 2000; and

Second, that Plaintiff was not promoted solely because of Plaintiff's race.

INSTRUCTION NO. 9

As to Plaintiff's second claim that his race was a motivating factor for Defendant's decision to not promote him, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

First, that Plaintiff was not promoted by Defendant in June 2000; and

Second, that Plaintiff's race was a motivating factor in Defendant's decision to not promote Plaintiff.

If Plaintiff has proved the elements of his second claim, Plaintiff is entitled to your verdict, even if you find that Defendant's conduct was also motivated by a lawful reason. Plaintiff is entitled to monetary damages if you find that Defendant's decision was motivated both by race and a lawful reason, unless Defendant proves by a preponderance of the evidence that Defendant would have made the same decision even if Plaintiff's race had played no role in the employment decision.

INSTRUCTION NO. 10

The defendant in this case is the Secretary of the Veterans Affairs, but he can only act through his employees, agents, or officers.  The law therefore holds the head of an agency responsible for the acts of his employees, agents, and officers.  For purposes of this case, you should consider the acts of Ms. Belles, Mr. Klavohn and Mr. Rucker, who participated in the decision not to promote plaintiff, as acts of the Secretary of  Veterans Affairs.

INSTRUCTION NO. 11

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant. You should consider the following:

In determining the measure of damages, you should consider the emotional pain and suffering experienced by Plaintiff.

INSTRUCTION NO. 12


Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

There is always a tendency to attach undue importance to matters which one has written down.   Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, may not be accurate, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

INSTRUCTION NO. 13

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 14

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

INSTRUCTION NO. 15

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 16

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER E. PATRICK,           )
                                )   CIV NO. S-03-2571 GEB JFM PS
            Plaintiff,    )
                                )
        v.            )   <u>SPECIAL VERDICT</u>
                                )
ANTHONY J. PRINCIPI,       )
Secretary of Department of   )
Veteran Affairs,          )
                                )
            Defendant.    )
_____)

       We the jury find the following:

QUESTION 1:

       Has Plaintiff proved by a preponderance of the evidence,
that Plaintiff's race was the sole reason for Defendant's decision
to not promote him?

ANSWER:

                                   ___ ___
                                   Yes No
If the answer to Question 1 is "yes," proceed to Question 5. If the
answer to Question 1 is "no," proceed to Question 2.

1

QUESTION 2:

      Has Plaintiff proved by a preponderance of the evidence that Plaintiff's race was a motivating factor for Defendant's decision to not promote him?

ANSWER:


                                ___ ___

                                Yes No


If the answer to Question 2 is "no," do not answer any further questions.  If the answer to Question 2 is "yes," proceed to Question 3.


QUESTION 3:

      Has Defendant proved by a preponderance of the evidence that Defendant's decision to not promote Plaintiff was also motivated by a lawful reason?

ANSWER:

                                ___ ___

                                Yes No


If your answer to Question 3 is "no," proceed to Question 5. If your answer to Question 3 is "yes," proceed to Question 4.


QUESTION 4:

      Has Defendant proved, by a preponderance of the evidence, that Defendant would have made the same decision to not promote

Plaintiff even if Plaintiff's race had played no role in
Defendant's decision to not promote Plaintiff?


ANSWER:

___ ___

                                    Yes No


If your answer to Question 4 is "yes," do not answer any further
questions.  If your answer to Question 4 is "no", proceed to
Question 5.


QUESTION 5:

        What amount of money will reasonably and fairly
compensate Plaintiff for the injury you have found was caused by
Defendant?


ANSWER:

                                    $_____


DATED:_____        _____
                                    FOREPERSON