

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER PATRICK,                        )
                                       )    CIV NO. S-03-2571 GEB
                    Plaintiff,         )
                                       )    <u>JURY INSTRUCTIONS GIVEN</u>
          v.                           )
                                       )
ANTHONY J. PRINCIPI, Secretary         )
of Department of Veteran Affairs,      )
                                       )
                    Defendant.         )
                                       )

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the Plaintiff and the attorney for Defendant, it is my duty to instruct you on the law which applies to this case.  Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return. Unless otherwise stated, the instructions apply to each party.

INSTRUCTION NO. 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the parties have agreed or stipulated.

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by Defendant's counsel or Plaintiff while not testifying are not evidence. Defendant's attorney is not a witness. What Plaintiff and Defendant's attorney have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by Plaintiff or Defendant's attorney are not evidence. Litigants have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

      Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 7

As to Plaintiff's claim that his race was a motivating factor for Defendant's decision to not promote him, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

First, that Plaintiff was not promoted by Defendant in June 2000; and

Second, that Plaintiff's race was a motivating factor in Defendant's decision to not promote Plaintiff.

If Plaintiff has proved the elements of his claim, Plaintiff is entitled to your verdict, even if you find that Defendant's conduct was also motivated by a lawful reason. Plaintiff is entitled to monetary damages if you find that Defendant's decision was motivated both by race and a lawful reason, unless Defendant proves by a preponderance of the evidence that Defendant would have made the same decision even if Plaintiff's  race had played no role in the employment decision.

INSTRUCTION NO. 8

      The defendant in this case is the Secretary of the Veterans Affairs, but he can only act through his employees, agents, or officers.  The law therefore holds the head of an agency responsible for the acts of his employees, agents, and officers.  For purposes of this case, you should consider the acts of Ms. Belles, Mr. Klavohn and Mr. Rucker, who participated in the decision not to promote plaintiff, as acts of the Secretary of  Veterans Affairs.

INSTRUCTION NO. 9

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant. You should consider the following:

In determining the measure of damages, you should consider the emotional pain and suffering experienced by Plaintiff.

INSTRUCTION NO. 10

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

There is always a tendency to attach undue importance to matters which one has written down.   Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented.  Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, may not be accurate, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

INSTRUCTION NO. 11

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 12

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

INSTRUCTION NO. 13

       After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that will be given to you, sign and date it and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 14

If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.