```
 1
 2
 3
 4
 5
 6
 7
 8
 9                  IN THE UNITED STATES DISTRICT COURT
10                FOR THE EASTERN DISTRICT OF CALIFORNIA
11
12  LESTER E. PATRICK,            )
                                  )     2:03-cv-2571-GEB-JFM-PS
13            Plaintiff,          )
                                  )
14       v.                       )     ORDER*
                                  )
15  ANTHONY J. PRINCIPI,          )
    Secretary of Department of    )
16  Veteran Affairs,              )
                                  )
17            Defendant.          )
                                  )
18
```

Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59, contending that "[t]he jury's verdict went against the clear weight of the evidence"; "[t]he witnesses were not creditable" since they made numerous contradictory statements; "[t]he jury did not follow the instructions of the judge" to consider and discuss all evidence since the jury reached a verdict within between 15 and 20 minutes; and "[t]he jury was confused about direct evidence and circumstantial evidence," as evidenced by

---

* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1  one juror's statement to Plaintiff that there was no direct
2  evidence of discrimination. (Pl.'s Mot. at 2-17.) Defendant
3  opposes the motion, arguing that the verdict was not contrary to
4  the clear weight of the evidence, a quick verdict is not evidence
5  of a failure to deliberate, and there is no evidence of juror
6  misconduct. (Def.'s Opp'n at 4-20.)

7  Under Federal Rule of Civil Procedure 59(a), "[t]he trial
8  judge [has] discretion to grant a new trial if the verdict appears
9  to [the judge] to be against the weight of the evidence."
10 Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 433 (1996)
11 (internal quotation marks omitted). "[A] stringent standard
12 applies when the motion is based on insufficiency of the evidence."
13 Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir. 1987). The
14 district court must find "that the jury's verdict is against the
15 great weight of the evidence, or it is quite clear that the jury
16 has reached a seriously erroneous result." Ace v. Aetna Life Ins.
17 Co., 139 F.3d 1241, 1248 (9th Cir. 1998). If the evidence at trial
18 was "substantially balanced," the motion should be denied. Roy v.
19 Volkswagen of Am., Inc., 896 F.2d 1174, 1179 (9th Cir. 1990).

20 Since the verdict was not against the weight of the
21 evidence, Plaintiff's motion is denied.

22 IT IS SO ORDERED.
23 Dated: August 19, 2005

24
25          /s/ Garland E. Burrell, Jr.
            GARLAND E. BURRELL, JR.
            United States District Judge
26
27
28