IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER E. PATRICK,           )
                             )   2:03-cv-2571-GEB-JFM-PS
            Plaintiff,       )
                             )   ORDER[*]
     v.                      )
                             )
ANTHONY J. PRINCIPI, Secretary )
of Department of Veteran Affairs, )
                             )
            Defendant.       )
_____)

On November 21, 2005, Defendant filed a motion for an order that would compel Plaintiff to designate and pay for additional transcripts for use on appeal. Plaintiff has not opposed the motion. The motion was set for hearing on January 9, 2006, but on December 23, 2005, Plaintiff filed a motion to continue the hearing until February 13, 2006. Defendant opposes Plaintiff's continuance motion. Plaintiff's continuance motion is denied because he has not provided a legitimate reason for a continuance.

BACKGROUND

On October 6, 2005 Plaintiff appealed this Court's August 19, 2005, Order that denied his motion for a new trial. (Notice of Appeal filed Oct. 6, 2005.) Plaintiff's motion for a new trial was based on the assertion that the jury's verdict was "against the clear weight of the evidence." (See Order filed Aug. 19, 2005 at

---

[*] These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1.)  On November 7, 2005, Plaintiff designated and ordered transcripts of select portions of the trial proceedings for use on appeal.  (Decl. of Joseph Maloney ¶ 5, Ex. E.)  Plaintiff refused Defendant's earlier request that he designate "the entire transcript."  (Id.)  Defendant challenged Plaintiff's designation of transcripts as incomplete and on November 21, 2005, identified additional portions of the trial proceedings he argues Plaintiff is required to designate and bear the expense of having transcribed for use on appeal.  (Maloney Decl. ¶ 6, Ex. F; Transcript Designation Form filed Nov. 21, 2005.)  Plaintiff has not designated the trial proceedings identified by Defendant.  Therefore, Defendant seeks to have the District Court order Plaintiff to designate and pay for transcripts identified in Defendant's November 21 filing.

DISCUSSION

Federal Rule of Appellate Procedure 10(b) places the burden of designating and paying for necessary transcripts on the appellant, in this case Plaintiff.  Fed. R. App. P. 10(b); Lundy v. Union Carbide Corp., 598 F. Supp. 451, 452 (D. Or. 1984).  Federal Rule of Appellate Procedure 10(b)(2) requires an appellant, who intends to challenge a finding or conclusion on appeal as unsupported by the evidence, to "include in the record a transcript of all evidence relevant to [the challenged] finding or conclusion."  Fed. R. App. P. 10(b)(2).

The Ninth Circuit will reverse the denial of a motion for new trial based on the insufficiency of the evidence only "if the record contains no evidence in support of the verdict."  Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1189-90 (9th Cir. 2002).  Therefore, the trial proceedings identified by Defendant are relevant to the challenged jury verdict.  Accordingly, Plaintiff should have

designated and paid for the transcripts identified in Defendant's November 21 filing.

## CONCLUSION

Since the trial proceedings identified by Defendant are relevant to a review of this Court's decision on appeal and Plaintiff is responsible for providing the Ninth Circuit with all transcripts relevant to the appeal, Plaintiff shall pay for the transcripts identified in Defendant's November 21 filing and tender payment to the court reporter by January 17, 2006, in accordance with the Ninth Circuit's Order filed December 27, 2005.

IT IS SO ORDERED.

Dated:   January 6, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge